UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALICIA B. BAILEY

CV. NO. 17-560-JWD-RLB

VERSUS

JUDGE JOHN W. deGRAVELLES

OFFICE OF UNEMPLOYMENT
INSURANCE ADMINISTRATION, ET AL.

## RULING AND ORDER

### I. PLAINTIFF'S ALLEGATIONS AND THE MOTION TO DISMISS

In this case, Plaintiff Alicia B. Bailey, proceeding *pro se*, alleges age discrimination, disability discrimination and retaliation by the Office of Unemployment Insurance Administration of the Louisiana Workforce Commission (the "Office") and its former director, Dayne Freeman, in her official and individual capacities (collectively, "Defendants"). (Doc. 1 at 1). Plaintiff expressly states that her "federal claim[s]" are brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. sections 1981, 1983, and 1988,[1] (Doc. 1 at 3), although the Complaint also appears to state that Plaintiff was protected under the Family Medical Leave Act of 1993 ("FMLA"), the Americans With Disabilities Act of 1990 ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). (*Id.* at 1-3, 7-8). The August 16, 2017 Complaint states that Plaintiff was constructively discharged on August 1, 2014, and she received an EEOC "right-to-sue" letter on or about May 16, 2017. (*Id.* at 3, 7).

---

[1] The Court will generally note Plaintiff's "claims" under Section 1988 where necessary for procedural purposes, *i.e.,* in the interest of accurately setting forth the contents of the Complaint, the issues addressed in the Motion, and the disposition of these issues. However, Section 1988 will generally not be expressly addressed in *analyzing* whether Plaintiff has successfully stated claims, as Section 1988 does not provide an independent basis for claims or federal jurisdiction. *See, e.g.*, *Scott v. Washington Mut. Bank*, 2001 WL 1516759, at *2 (N.D. Tex. Nov. 27, 2001).

Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). ("Motion," Doc. 9). Defendants characterize the Complaint as alleging violations of Sections 1981, 1983, and 1988, and Title VII of the Civil Rights Act of 1964. (Doc. 9-1 at 1). Defendants argue that: (1) the Office and Freeman in her official capacity are immune from suits from money damages "as to claims for the deprivation of civil rights under color of state law"; (2) Plaintiff did not file the Complaint within 90 days of receiving the right-to-sue letter as is required to properly exhaust her remedies under Title VII; and (3) Plaintiff failed to assert her claims under Sections 1981, 1983, and 1988 within the one-year prescriptive period provided by Louisiana Civil Code article 3492. (*Id.* at 4, 8-10).

Plaintiff has filed a two-page Opposition addressing the merits of her Complaint and alleging that Louisiana law also forbids employment discrimination. (Doc. 25 at 1-2). Defendants have filed a Reply reiterating the arguments in their Motion and stating that Plaintiff's Opposition fails to address the issues raised in the Motion. (Doc. 30 at 1-3).

## II. LEGAL STANDARD

### a. Rule 12(b)(1) Standard

Concerning the standard for Rule 12(b)(1) motions, the Fifth Circuit has explained:

> Motions filed under Rule 12(b)(1) . . . allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).

> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). . . .
>
> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### b. Rule 12(b)(6) Standard

In *Johnson v. City of Shelby, Miss.,* ––– U.S. ––––, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014), the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S.Ct. at 346–47 (citation omitted).

Interpreting Rule 8(a), the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (emphasis in *Lormand*)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw

> the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)]; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

More recently, in *Thompson v. City of Waco, Tex.,* 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff . . . To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted).

### III.   ANALYSIS

#### a. Sovereign Immunity

Under the Eleventh Amendment, states generally enjoy sovereign immunity from suits in federal court absent the state's consent. *See Vogt v. Bd. of Comm'rs of Orleans Levee Dist.,* 294 F.3d 684, 688–689 (5th Cir. 2002). The Louisiana Workforce Commission is a state agency entitled to sovereign immunity, and there is no basis upon which to conclude that Louisiana has consented to suit in federal court or that Congress has abrogated Louisiana's sovereign immunity with respect to claims under Sections 1981 and 1983. *Sandres v. Louisiana Workforce Comm'n*,

2010 WL 565378, at *2-*3 (M.D. La. Feb. 17, 2010); *see also Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts."). Plaintiff's official capacity claims against Freeman under these statutes similarly fail, as a suit against an employee in her official capacity is identical to a suit against her employer. *See, e.g., Lampkin v. City of Nacogdoches*, 7 F.3d 430, 430 n.2 (5th Cir. 1993). Notably, as Plaintiff's request for a declaration that she was discriminated against is not "prospective in effect," it cannot save these claims. *See Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) ("essential ingredients" of *Ex parte Young* exception to sovereign immunity rule are "that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect"). Therefore, Plaintiff's claims under Sections 1981 and 1983 against the Office and Freeman in her official capacity are subject to dismissal for lack of subject matter jurisdiction.[2]

### b. Exhaustion under Title VII

As the Fifth Circuit has stated:

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC. This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Butler v. Orleans Parish School Board*, No. Civ. A. 00–0845, 2001 WL 1135616 (E.D. La. Sept.25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses). Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court.

---

[2] Sovereign immunity does not bar Plaintiff's Title VII claims, however: the Fifth Circuit has "long recognized" that Congress "clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 n.1 (5th Cir. 2002).

5

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (some citations and internal quotation marks removed).

Here, the Complaint states that Plaintiff received her EEOC right-to-sue letter "on or about" May 16, 2017, which is the same date stamped on the letter as the "date mailed." (Doc. 1 at 7; Doc. 1-1 at 1). The Complaint was filed August 16, 2017. (*See generally* Doc. 1).

As Defendant correctly calculates, the Complaint was filed 92 days after May 16, 2017. However, the Fifth Circuit has instructed that, when the date on which a right-to-sue letter was received is unknown, a court should presume that it was received three days after it was mailed. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015). The Court believes it appropriate to do so in this case, where Plaintiff has merely alleged the date "on or about" which she received the letter. Moreover, a fair reading of the Complaint and letter suggests that the letter was mailed on May 16, 2017, the date stamped on it, and Plaintiff received the letter on some uncertain date shortly thereafter, *i.e.*, "on or about" the date it was mailed. The three-day presumption permits courts to resolve precisely this type of uncertainty. *See Jenkins*, 784 F.3d at 266-67 (applying three-day presumption where date of letter's issuance was clear, but plaintiff was "unsure about when he received the notice").

By Defendant's calculation, the Complaint was two days late, but the application of the presumption affords Plaintiff three extra days to file. Therefore, the Complaint was timely, and the Motion is denied with respect to Plaintiff's claims under Title VII.

### c. Prescriptive Period

Because there is no federal statute of limitations for claims brought pursuant to Sections 1981 and 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Taylor v. Bunge Corp.*, 775

F.2d 617, 618 (5th Cir. 1985). In Louisiana, the applicable period of limitations is one year. La. Civ. Code art. 3492.

While state law provides the limitations period for claims under Sections 1981 and 1983, the date of accrual for such claims is a question of federal law. *See Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003). Under federal law, a civil rights cause of action accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516. A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.*

The Complaint alleges tortious employment actions occurring up to the time when Plaintiff was discharged in August 2014. (Doc. 1 at 3-7). It therefore appears that Plaintiff's causes of action arose, at the latest, in August 2014, and they accordingly prescribed in August 2015. The Complaint was untimely filed two years later. While the period provided for in article 3492 is subject to tolling, it places the burden of demonstrating tolling on a plaintiff where, as here, the cause of action has "prescribed on its face." *Gary v. Camden Fire Ins. Co.*, 96-0055 (La. 7/2/96), 676 So. 2d 553, 555. Plaintiff has provided no facts that would begin to satisfy this burden. The Motion will therefore be granted with respect to the remaining aspects of Plaintiff's Section 1981 and 1983 claims (*e.g.,* claims against Freeman in her individual capacity).

### d. Leave to Amend

"[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955). The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts

often afford plaintiffs at least one opportunity to cure pleading deficiencies before
dismissing a case, unless it is clear that the defects are incurable or the plaintiffs
advise the court that they are unwilling or unable to amend in a manner that will
avoid dismissal.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Relying on *Great Plains* and other cases from this circuit, one district court in Texas articulated the standard as follows:

> When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend before dismissing the action with prejudice unless it is clear that the defects in the complaint are incurable. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.,* 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted). However, a court may deny leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed.1990) (footnote omitted); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.") (footnote omitted).

*Tow v. Amegy Bank N.A.*, 498 B.R. 757, 765 (S.D. Tex. 2013). Finally, one leading treatise explains:

> As [] numerous case[s] . . . make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine

conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

5B Charles A. Wright, Arthur R. Miller, *et al.*, *Federal Practice and Procedure* § 1357 (3d ed. 2016).

With respect to Plaintiff's claims under Sections 1981, 1983, and 1988, it does not appear that there is any plausible way that Plaintiff can cure the defects cited *supra*. Therefore, leave to amend with respect to these claims is properly denied. *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

The Court has observed additional deficiencies in the Complaint not addressed *supra*. In particular, the body of the Complaint suggests that Plaintiff may intend to bring claims under the FMLA, ADEA, and ADA, but the Complaint also affirmatively states that Plaintiff's "federal claim[s]" are brought only under Title VII and Sections 1981, 1983, and 1988. While some of these provisions may be alike in some respects, they are distinct in other respects. *See, e.g., Luce v. Dalton*, 166 F.R.D. 457, 461 (S.D. Cal.), *aff'd,* 167 F.R.D. 88 (S.D. Cal. 1996) ("The factors which Plaintiff seeks to lump together in this lawsuit . . . are contained within four separate and distinct statutes: the [ADEA], Title VII, the [ADA], and the Rehabilitation Act. "); *cf. Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987–88 (9th Cir. 2005) (observing in analyzing *res judicata* issue that, while some evidence and argument underlying Title VII claims and FMLA claims would overlap, much of it would be distinct). Defendants' Motion seeks total dismissal of this action, (Doc. 9 at 1), but does not address any claims under the FMLA, ADEA, and ADA, likely because the Complaint seems at one point to disavow any theory other than those set forth

*supra*. Moreover, Plaintiff's Opposition further alleges that Defendants' conduct was impermissible under Louisiana law. (Doc. 25 at 1).

In light of the foregoing, the Court deems it appropriate to order Plaintiff to file an amended complaint expressly setting forth all of her claims. *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082, 1083 n.6 (11th Cir. 1996) (in case where "[o]ne ha[d] to guess at the number of claims for relief appellant attempted to state," district court "would have acted well within its discretion if, acting *sua sponte,* it had returned the complaint . . . with the instruction that [counsel] plead the case in accordance with Rules 8(a)(2) and 10(b)"). In the alternative, Plaintiff may inform the Court that she wishes to proceed only on the Title VII claims that have survived Defendant's Motion to Dismiss, but not on claims under the FMLA, ADEA, ADA, or state law that are currently inadequately pled.

The Court notes that, in briefing the Motion, Plaintiff received five extensions of time in which to respond. (Docs. 15, 17, 19, 21, 24). These extensions spanned over four months, with two warnings that no further extensions would be granted. (Docs. 17, 24). Once, Plaintiff's motion for a further extension of time was filed more than a week after the response deadline had already passed. (Docs. 21, 22). The Court cautions Plaintiff that failure to timely comply with this Order may result in dismissal of this action for failure to prosecute and obey court orders. *See Ripple v. Dir./Sec'y of California Dep't of Corr. & Rehab.*, 2015 WL 2193883, at *1-*2 (C.D. Cal. May 5, 2015) (denying in part motion to dismiss but nevertheless ordering plaintiff to file amended complaint and cautioning that failure to do so could result in dismissal).

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion (Doc. 9) is **DENIED** as to Plaintiff's Title VII claims and **GRANTED** as to Plaintiff's claims under Sections 1981, 1983, and 1988. The dismissal of Plaintiff's claims under Sections 1981, 1983, and 1988 is without leave to amend.

Within 30 days of this Ruling and Order, Plaintiff shall file either an Amended Complaint setting forth all of her claims as described in this Order or a Notice that she wishes to proceed only on the Title VII claims that have survived the Motion to Dismiss. Any Amended Complaint shall be complete in and of itself and shall not refer back to the original Complaint. Failure to timely file an Amended Complaint or a Notice may result in the dismissal of this action.

Signed in Baton Rouge, Louisiana, on <u>May 3, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**